Francis J. Donovan, J.
The defendant moves to vacate a judgment of conviction entered on a plea of guilty to a charge of violating a speed limit. The defendant contends that the conviction should he set aside because a guilty plea was not entered in person. Defendant concedes that he communicated with the court and advised the court that he was a resident of the State of New Jersey and would like to be spared the necessity of losing a day’s work in order to appear in court. He was then advised by the person to whom he spoke in the court to send in a fine of $10 in satisfaction of the charge.
The records of the court show that an information on a companion charge was sworn to by Officer Parker on the same day as the speeding charge, namely, January 27, 1963. The records further indicate that the second charge of operating a vehicle without a registration is predicated on the same incident as the speeding charge. The latter charge was dismissed on production of the registration according to the court’s record.
Assuming the best case for the defendant, he has had a charge dismissed by producing his registration at the court and on his request a modest fine was fixed for the speeding violation and he paid the same. On these facts he is estopped from belatedly challenging the jurisdiction of the court. He cannot have his cake and eat it too. If defendant had merely interposed a plea of guilty the case might be otherwise and the court might stay its hand from imposing sentence. However, where sentence has been pronounced and accepted and satisfied by the defendant he has waived any objection to the manner in which his plea of guilty was entered. He has done everything in his power to submit himself to the jurisdiction of the court, including his registration for examination by the court, on the companion charge. (Cf. Matter of Hickey v. Kelly, 9 A D 2d 386, affd. 8 N Y 2d 715.) Motion denied.